L. Paul Mankin (SBN 264038)
Nicholas Dahl (SBN 320777)
Law Office of Paul Mankin, APC
4655 Cass St., Ste. 410
San Diego, CA 92109
Phone: (800)-219-3577
Facsimile: (323) 207-3885
pmankin@paulmankin.com
ndahl@paulmankin.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JONATHAN MORILLO,

    Plaintiff,

vs.

GEMZO ENTERPRISES, INC., d/b/a QUICKEN CASH, and DOES 1 through 10, inclusive,

    Defendant.

Case No.:

**COMPLAINT**

1. Violation of the Rosenthal Fair Debt Collection Practices Act;
2. Violation of the Telephone Consumer Protection Act.

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## PARTIES

2. Plaintiff Jonathan Murillo ("Plaintiff"), is a natural person who at all times herein mentioned was a resident of the City of Fullerton, County of Orange, and State of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

3. At all relevant times herein, Defendant, GEMZO ENTERPRISES, INC., d/b/a QUICKEN CASH (hereinafter "Defendant") was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt" as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c).

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of *Section 474 of the California Code of Civil Procedure*.

5. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## JURISDICTION

6. This Court has jurisdiction under 47 U.S.C. and 28 U.S.C. § 1331, since the claims alleged against the Defendants arose under the TCPA. This court has supplemental jurisdiction over Plaintiff's state law claims contained herein.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) & (b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

///
///
///

## FACTUAL ALLEGATIONS

8. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding credit card debt.

9. This alleged financial obligation was the result of a "consumer credit transaction", as defined by Cal. Civ. Code §1788.2(e), and is therefore a "consumer debt", as defined by Cal. Civ. Code §1788.2(f).

10. On January 8, 2021, Plaintiff entered into a loan agreement with Defendant.

11. On January 26, 2021, Plaintiff and Defendant agreed that the full balance owed on the loan would be paid on January 30, 2021.

12. On January 27, 2021, prior to the agreed-upon payment date, Defendant began repeatedly placing telephone calls and messages to Plaintiff and Plaintiff's references, including Plaintiff's family and friends. The messages contained Plaintiff's name, stated the amount allegedly owed on the loan, and threatened legal action against Plaintiff.

13. Within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly and continuously to annoy Plaintiff. Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment. The frequency and pattern of Defendant's telephone calls to Plaintiff evidences Defendant's intent to harass Plaintiff.

14. Plaintiff has repeatedly demanded that Defendant stop contacting him, his family, and his friends.

15. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set

forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

16. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

17. Within four years prior to the filing of this action, Defendant called Plaintiff at Plaintiff's cellular telephone number multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B). The frequency of the calls and the language of the messages placed to the cellular telephone numbers of Plaintiff and his references indicate the use of an "automatic telephone dialing system."

18. Defendant never received Plaintiff's consent to call Plaintiff and his references on their cellular telephones, to the extent it ever existed, using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

19. Defendant is not a tax-exempt nonprofit organization.

## COUNT I: VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff reincorporates paragraphs 1 through 19 as if fully written herein.

21. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

    a) Communicating, by telephone or in person, with Plaintiff and his references with such frequency as to be unreasonable and to

    constitute a harassment to Plaintiff under the circumstances (Cal. Civ. Code §1788.11(c));

  b) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff and his references (Cal. Civ. Code §1788.11(d));

  c) Committed any conduct the natural consequence of which is to harass, oppress, or abuse any person (Cal. Civ. Code § 1692(d));

  d) Caused the telephone to ring or engaged any person in telephone conversations repeatedly (Cal. Civ. Code § 1692d(5)).

22. As a result of the above violations of the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

23. § 1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d, and § 1692d(5).

24. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willingly.

## COUNT II: VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff reincorporates by reference all of the preceding paragraphs.

26. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Defendant began contacting the cellular telephone numbers of Plaintiff and his references just one day after modifying the original loan agreement and continued to contact Plaintiff and his references despite repeated requests to cease.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

27. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

29. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

30. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;

    B. Statutory damages;

    C. Costs and reasonable attorney's fees; and

    D. For such other and further relief as may be just and proper.

## **PLAINTIFF HEREBY REQUESTS A JURY TRIAL**

Date: February 19, 2021                LAW OFFICE OF PAUL MANKIN, APC

                                                 _____/s/ L. Paul Mankin_____

                                               L. Paul Mankin, Esq.
                                               Attorney for Plaintiff